**Marc MAUSETH; Mary Hoffman, a married couple dba Mariah Designs, Plaintiff–Appellants,**

v.

**AMERICAN AIRLINES, INC., a foreign corporation, Defendant–Appellee.**

No. 00–17051.
D.C. No. CV–99–00413–ACM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Dec. 20, 2001.

Before BRIGHT,* B. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Appellants Marc Mauseth and Mary Hoffmann, dba Mariah Designs ("Mauseth"), appeal the order of the district court granting partial summary judgment to Appellee American Airlines ("American"). Mauseth traveled from Tucson to Cleveland as a ticketless passenger in 1999. His checked baggage included leather jackets valued at $43,000 that Mauseth was transporting to an art show. When Mauseth arrived at the Tucson airport, he checked his luggage at curbside check-in and was handed a ticket jacket by

---

* The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

American's agent. Although the ticket jacket contained written notice of American's $1250 liability limitation for lost or damaged baggage, the agent stapled the ticket jacket shut. Mauseth's valuable baggage was lost in transit and Mauseth sued for damages, contending that American's $1250 liability limitation was not enforceable against him because he had not received reasonable notice of the limitation. The district court granted partial summary judgment to American, ruling that the limitation applied, and Mauseth appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review de novo the district court's grant of summary judgment and consider the evidence in the light most favorable to the nonmoving party. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). The reasonableness of notice is a question of law to be determined by the court. *Deiro v. American Airlines, Inc.*, 816 F.2d 1360, 1364 (9th Cir.1987).

▮▮▮ Whether an airline's liability limitation for lost or damaged baggage is enforceable against a domestic airline passenger is determined by the federal common law applicable to common carriers. *Deiro*, 816 F.2d at 1365. We reject Mauseth's argument that federal regulations codified at 14 C.F.R. § 254.5 preempt the federal common law in this area. As we have stated in the past, congressional aviation legislation expressly preserves the federal common law governing damaged or lost baggage. *Read–Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1196 (9th Cir.1999); *Deiro*, 816 F.2d at 1365; *Klicker v. Northwest Airlines*, 563 F.2d 1310, 1314 (9th Cir.1977); *see also* 49 U.S.C. § 40120(c); 49 U.S.C. § 1506 (1976); 49 Fed. Reg. 5065, 5068 (1984).

▮▮▮ Under federal common law, an airline passenger is contractually bound to a boilerplate limitation of liability that was reasonably communicated to the passenger. *Deiro*, 816 F.2d at 1364. To determine "reasonable communicativeness," we employ a case-by-case, two-pronged analysis that examines (1) the ticket itself and (2) the circumstances surrounding the particular carrier-passenger relationship at issue. *Id.* at 1364 & n. 3. The surrounding circumstances to be considered include the passenger's familiarity with the ticket, the time and incentive under the circumstances to study the provisions of the ticket and any other notice that the passenger received outside the ticket. *Id.* at 1364.

In *Deiro*, we concluded that, although the adequacy of the notice on the ticket itself was "a close call," surrounding circumstances tipped the balance "decidedly" in American's favor. *Deiro*, 816 F.2d at 1365. These factors were Deiro's status as an experienced commercial air traveler, his knowledge that there was "a whole bunch of stuff printed on the back of the ticket" and his receipt of the ticket nine days in advance of his flight. *Id.* The court concluded, "we find it difficult to imagine how any passenger with Deiro's experience, planning to check a quarter of a million dollars worth of baggage, could have had more opportunity or incentive to familiarize himself with the baggage liability provisions." *Id.*

▮▮▮ As in *Deiro*, we hold that Mauseth's notice was reasonable as a matter of law "upon consideration of the extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake." 816 F.2d at 1365 (internal quotation marks omitted). Mauseth did not have nine days to review the fine print on his ticket because he was a ticketless traveler. But he was an extremely experienced traveler who knew he would be shipping valuable goods. He had made hundreds of trips by air and was a frequent flier on American. Signs posted in the airport, including where he checked

his baggage, alerted passengers to baggage liability limitations. Although the ticket jacket was stapled shut, Mauseth was aware of the existence of fine print on airline tickets.[1] At one time, Mauseth insured his business inventory against loss during transit. He always buys the additional insurance offered when he ships goods by cargo company. In view of the totality of these surrounding circumstances, we hold that Mauseth had reasonable notice of the liability limitation and therefore is contractually bound by it.

Even if Mauseth is contractually bound by the liability limitation, the limitation is not enforceable as a matter of public policy if American did not satisfy the released valuation doctrine. Under federal common law, carriers may partially limit their liability for injury, loss or destruction on a "released valuation" basis. *Deiro*, 816 F.2d at 1365. Pursuant to the released valuation doctrine, "[t]he carrier can lawfully limit recovery to an amount less than the actual loss sustained only if it grants its customers a fair opportunity to choose between higher or lower liability by paying a correspondingly greater or lesser charge." *Id.*

For the same reasons that we hold that Mauseth is contractually bound by the liability limitation we also hold that the limitation is enforceable under the released valuation doctrine. As we stated in *Deiro*, "what is adjudicated reasonable notice under one is likely to constitute reasonable notice under the other." *Id.* at 1365 n. 4. The notice of the passenger's opportunity to declare a higher value and purchase additional coverage was specified on passengers' tickets and airport signs in exactly the same manner as notice of the $1250 limitation. As an experienced trav-

eler shipping valuable goods, Mauseth had reasonable notice of his opportunity to obtain greater coverage at an additional cost.

We also reject Mauseth's argument that the deviation doctrine applies here. American made no specific assurances to Mauseth that materially altered the liability limitation provisions of the contract.

Finally, we find no reversible error in the district court's failure to hear oral argument on American's motion for partial summary judgment. Assuming arguendo that Arizona Local Rule 1.10(f) creates a right to oral argument and that Mauseth properly requested oral argument, "noncompliance with local and federal rules pertaining to a hearing on a motion for summary judgment is not, by itself, reversible error absent a showing of prejudice." *Houston v. Bryan,* 725 F.2d 516, 518 (9th Cir.1984).

Mauseth contends he was prejudiced because he would have been able to present the stapled ticket jacket to the court during oral argument. Mauseth was not prejudiced. The district court received evidence that Mauseth's ticket jacket was stapled shut and—notwithstanding Mauseth's representations to the contrary at oral argument before this court—received an exemplar ticket jacket indicating the material contained therein. Thus, the district court was not deprived of any relevant evidence. Moreover, because Mauseth's notice was reasonable as a matter of law based solely on the extrinsic factors we have noted, the ticket jacket could not have affected the outcome.

AFFIRMED.

---

1. We express no opinion on the adequacy of the written notice contained in Mauseth's  ticket jacket.